UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMARI MAZERA,

    Plaintiff,

v.                                                  Case No. 07-12970

VARSITY FORD SERVICES, LLC,        HONORABLE AVERN COHN
et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER AND JUDGMENT

I.

This is an employment case. Plaintiff Omari Mazera (Mazera), a naturalized American citizen and a native of Kenya, sued his former employer, defendant Varsity Ford Services, LLC (Varsity Ford), alleging he was terminated in violation of state and federal law on the basis of his race, religion, national origin, and disability.

Before the Court is Mazera's motion for relief from judgment or order under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(6). For the reasons that follow, the motion is DENIED.

II.

Mazera filed a motion for a declaratory judgment to determine whether his claims against Varsity Ford are subject to arbitration. On February 1, 2008, the Court entered a Memorandum and Order Granting in Part and Denying in Part Plaintiff's Motion Declaratory Relief. The Court held that Mazera's claims are subject to arbitration, but

found the cost-splitting provision requiring Mazara to pay $500 is unenforceable and severed the provision. On March 3, 2008, the Court entered a Judgment in accordance with the Court's February 1, 2008 Memorandum and Order.

III.

Motions for reconsideration under Rule 59(e) may be granted if there is a clear error of law, newly discovered evidence, a change in controlling precedent, or to prevent manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Fed. R. Civ. P. 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . any other reason justifying relief from the operation of the judgment."

Mazera asks the Court to modify its order "to compel a three (3) panel arbitration at Varsity Ford's expense with a Washtenaw County panel and that the arbitration be held in Washtenaw County." Putting aside that the arbitration process set forth in the Mandatory Complaint Procedure appears to contemplate the use of one (1) arbitrator and is silent as to their location, Mazara provides no authority indicating that the Court has the ability to direct the arbitration in the manner requested.

SO ORDERED.

Dated: March 19, 2008        s/Avern Cohn
                             AVERN COHN
                             UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 19, 2008, by electronic and/or ordinary mail.

                              s/Julie Owens
                             Case Manager, (313) 234-5160