UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMARI MAZERA,

    Plaintiff,

v.                                               Case No. 07-12970

VARSITY FORD SERVICES, LLC,        HONORABLE AVERN COHN
et al.,

    Defendants.

_____/

# ORDER
# GRANTING PLAINTIFF'S MOTION FOR STAY OF ARBITRATION PENDING APPEAL

## I. Introduction

This is an employment case. Plaintiff Omari Mazera (Mazera), a naturalized American citizen and a native of Kenya, sued his former employer, defendant Varsity Ford Services, LLC (Varsity Ford), alleging he was terminated in violation of state and federal law on the basis of his race, religion, national origin, and disability.

Before the Court is Mazera's motion to stay arbitration pending appeal. For the reasons that follow, the motion is GRANTED.

## II. Background

Mazera filed a motion for a declaratory judgment to determine whether his claims against Varsity Ford are subject to arbitration. On February 1, 2008, the Court entered a Memorandum and Order Granting in Part and Denying in Part Plaintiff's Motion Declaratory Relief. The Court held that Mazera's claims are subject to arbitration, but

found the cost-splitting provision requiring Mazara to pay $500 is unenforceable and severed the provision. On March 3, 2008, the Court entered a Judgment in accordance with the Court's February 1, 2008 Memorandum and Order.

Mazera then filed a motion for relief from judgment or order under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(6). The Court denied the motion.

Mareza appealed. Varsity cross appealed.

### III. Analysis

When considering a motion to stay pending appeal, the court balances the four following factors:

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other parties; and (4) where the public interest lies.

Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n, 388 F.3d 224, 227 (6th Cir. 2004) (quoting Baker v. Adams County/Ohio Valley School Bd., 310 F.3d 927, 928 (6th Cir.2002)). In considering these factors, "a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay. Simply stated, more of one excuses less of the other." Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) (inner citations omitted); accord Grutter v. Bollinger, 247 F.3d 631, 633 (6th Cir.2001). However, the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay

is granted, he is still required to show, at a minimum, "serious questions going to the merits." Mich. Coal., 945 F.2d at 153-54 (inner citation omitted) (quoting In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985)).

### A. Likelihood of Success on the Merits

Although Mazera's motion is devoid of any legal argument as to why he is likely to succeed on appeal, the Court finds that this factor weighs in favor of a stay, particularly given that Varsity Ford has filed a cross appeal.

### B. Irreparable Harm

As to irreparable harm, the Court has ruled that Varsity Ford is to pay all the costs of arbitration and "[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough." Sampson v. Murray, 415 U.S. 61, 90 (1974) (quotation omitted), quoted in Baker v. Adams County/Ohio Valley School Bd., 310 F.3d 927, 930 (6th Cir. 2002). Thus, it does not appear that Mazera would be harmed monetarily. However, allowing the case to proceed to arbitration while the case is on appeal may be premature because the validity of the arbitration agreement is still at issue. Moreover, although not raised by either party, the outcome of the arbitration proceeding may be mooted depending upon the decision on appeal.

### C. Substantial Injury to Other Parties

Varsity will not be substantially prejudiced by staying arbitration pending appeal, particularly because Varsity has filed a cross appeal. Indeed, should Varsity prevail on appeal, then Mazera will have to pay some of the costs of arbitration.

D. Public Interest

The public interest favors granting a stay. The public interest will be served by a final determination as to the validity of the arbitration agreement, including the cost-sharing provision. The public interest is best served by expedient litigation that does not unnecessarily exhaust resources.

In sum, the balance of factors weighs in favor of granting Mazara's motion for stay.

SO ORDERED.

      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: May 29, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 29, 2008, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160